UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE BANNOCK TRIBES OF THE FORT HALL RESERVATION, | Case No. 4:18-cv-00285-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA; et al., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is the United States and other Federal Defendants' (the "Government") Motion for Clarification (the "Motion"). Dkt. 108. Defendant City of Pocatello joined the Motion. Dkt. 109. The Government requests to clarify the Court's December 16, 2021 Memorandum Decision and Order (the "Order") with regards to the ejectment claim. The Government understood the Order to have dismissed the ejectment claim as it pertains to two of the five parcels of land, and the Shoshone Bannock Tribes (the "Tribes") understood the Order as allowing the ejectment claim to proceed with respect to all five parcels.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc.

MEMORANDUM DECISION AND ORDER - 1

Civ. R. 7.1(d)(1)(B). Upon review, the Court GRANTS in PART and DENYS in PART the Motion and hereby DISMISSES WITH PREJUDICE the ejectment claim in its entirety.

## II. BACKGROUND

This case has a lengthy factual history. In short, it concerns land in Pocatello, Idaho, on which 1882 and 1888 treaties between the United States and Shoshone-Bannock Tribes (the "Tribes") created conditional right of ways for railroad use. The treaties were ratified by congressional acts—the 1882 Act and 1888 Act. According to the Tribes, these Acts left the Tribes a reversionary interest so that they would regain the land if it was no longer used for the railroad.

The land is no longer used for the railroad, so the Tribes want that land returned to them. The Tribes brought five claims under the Quiet Title Act and a single claim for ejectment.[1] Each of the five Quiet Title Act claims corresponds with a parcel of land: the Parking Lot, the Bus Depot, the Credit Union, the City Creek Trail, and the 3.27 Acres. The ejectment claim encompassed all five parcels.

In the Order, the Court expressly dismissed the Quiet Title Act claims regarding the City Creek Trail and the 3.27 Acres on sovereign immunity grounds because the statute of limitations had expired. The Government now requests clarification on whether that dismissal extends to the ejectment claim with regards to the same two parcels, arguing that the Court's Order did not dismiss the whole ejectment claim. In the event that the Court concludes that the Order did not dismiss any of the ejectment claim, the Government

---

[1] The Order addressed other claims, but those are not pertinent to the instant Motion.

alternatively requests reconsideration of that decision.

### III. DISCUSSION

Upon review, the Court finds that it previously did not intend to dismiss the ejectment claim as it pertained to the City Creek Trail and the 3.27 Acres. The Government argues that ejectment claims must mirror Quiet Title Act claims, and because the Court dismissed the Quiet Title Act claims for the City Creek Trail and the 3.27 Acres, the Court must also have intended to dismiss the ejectment claim as far as it pertained to those parcels. But the Court's holding in the Order was premised on the idea that the Quiet Title Act and ejectment operated separately, so the reasons for dismissing the Quiet Title Act claims did not apply to any part of the ejectment claim and the ejectment claim was allowed to continue. Thus, the Court DENIES the Motion insofar as it requests clarification that the Court intended to dismiss some but not all of the ejectment claim in its prior Order.

The Court next turns to the Government's alternative request for reconsideration of the decision to deny dismissal of the ejectment claim. For the reasons set forth below, the Court GRANTS that request and DISMISSES the ejectment claim in its entirety.

#### A. Legal Standard

Because the Government is asking the Court to review an interlocutory order, its request is governed by Federal Rule of Civil Procedure 54(b). Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943). *See also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen

by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

While courts have the inherent authority to review interlocutory orders at any time prior to entry of final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and other district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59 reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

### B.  Quiet Title Act and Ejectment

The present issue is the relationship between ejectment under *United States v. Lee*, 106 U.S. 196 (1882), and the Quiet Title Act. The Government argues the Supreme Court held in *Block v. North Dakota ex. rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983), that the Quiet Title Act preempted ejectment claims and is thus the exclusive way to

challenge the United States' title to real property.

Prior to *Block* but after the Quiet Title Act was passed, the Ninth Circuit explained that for a court to determine whether a claim is one to quiet title against the United States or is one for ejectment, the court must first determine where apparent title rests. *Ritter v. Morton*, 513 F.2d 942, 946 (9th Cir. 1975), *cert. denied*, 423 U.S. 947 (1975). The Court relied on *Ritter* in holding that "it would be premature to dismiss this claim now on grounds of sovereign immunity before determining where apparent title rests." Dkt. 102, at 28. While the Court properly recognized that the Quiet Title Act was the exclusive way to challenge the United States' title to real property, the Court erroneously followed *Ritter* to distinguish between challenges against the United States and challenges against individual officers. *Id.* at 26–28.

However, upon closer review of *Block*, this Court now agrees with the Government that the Quiet Title Act has indeed preempted ejectment claims against officers. In *Block*, the Supreme Court observed that ejectment suits "were met with little success in most courts" because they had to satisfy the difficult *Larson-Malone* test.[2] *Block*, 461 U.S. at 282. "Against this background, Congress considered and passed the QTA in 1972." *Id.* *Block* explains that now parties cannot "avoid the QTA's statute of limitations or other restrictions by device of an officer's suit." *Id.* at 284. Analogizing to *Brown v. General Services Administration*, 425 U.S. 820, 825–28 (1976), the Supreme Court "applied the rule that a precisely drawn, detailed statute preempts more general remedies." *Block*, 461

---

[2] This Court explained the *Larson-Malone* test in the prior Order. Dkt. 102, at 27.

U.S. at 285. Because the Quiet Title Act preempted the more general remedy of ejectment, the Supreme Court explained that it "need not reach the question whether [the *Larson-Malone* test] would have permitted an officer's suit to be maintained." *Id.* at 285–86. The Supreme Court held "that Congress intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States' title to real property," even to the exclusion of officer suits. *Id.* at 286.

Thus, this Court now concludes that its original decision allowing for the ejectment claim stylized as an officer suit to continue was clearly erroneous. Accordingly, the Court now DISMISSES WITH PREJUDICE the Tribes' ejectment claim in its entirety.[3] The ejectment claim is dismissed with regards to both the Government and the City of Pocatello.

## IV. CONCLUSION

Upon review of the prior Order, the Court concludes it did not intend to dismiss part of the ejectment claim while permitting the remainder to go forward. The Court clearly intended for the ejectment claim to be treated as a whole. However, the same review has also led the Court to now conclude that the prior Order clearly erred in not dismissing the ejectment claim. The Court now corrects that error and DISMISSES WITH PREJUDICE the Tribes' ejectment claim, Count XVI in the Amended Complaint (Dkt. 21, at ¶¶ 497–

---

[3] In its Motion, the Government did not request that the entire ejectment claim be dismissed, only the portions relating to the City Creek Trail and the 3.27 Acres. Dkt. 108-1, at 11. The Government explained, "[a]t present, there is no practical conflict between *Block* and those portions of the ejectment claim applying to the three parcels at issue in Counts II, III, and IV." *Id.* However, the Court cannot reconcile *Block* with its earlier reasoning permitting the ejectment claim to go forward. As such, the Court dismisses the entire ejectment claim.

500), in its entirety.

## V. ORDER

THE COURT HEREBY ORDERS:

1. The Government's Motion for Clarification (Dkt. 108) is GRANTED IN PART and DENIED IN PART.

2. The Government's Motion is DENIED insofar as it requests clarification that the Court's December 16, 2021 Memorandum Decision and Order dismissed part of the Tribes' ejectment claim.

3. The Government's Motion is GRANTED in that the Tribes' ejectment claim, Count XVI in the Amended Complaint, is DISMISSED WITH PREJUDICE in its entirety against the United States of America, all other Federal Defendants, and the City of Pocatello.

DATED: May 20, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7