UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:18-cv-00285-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Shoshone-Bannock Tribes of the Fort Hall Reservation's (the "Tribes") Motion for Leave to File Second Amended Complaint. Dkt. 192.[1] As part of this motion, the Tribes seek leave to remove certain claims and clarify other claims. The Tribes also seek to retain some claims the Court already dismissed, but only to preserve any related appellate rights. *See generally id*.

Defendant Union Pacific Railroad has filed a notice of non-opposition. Dkt. 193.

Defendant City of Pocatello previously objected (in part), but the Court believes that issue has been addressed. Dkts. 189; 192-1, at 15. The City of Pocatello has not filed any additional response to the Tribes' most recent filing and the time to do so has passed.

[1] The Tribes already filed various iterations of this motion. *See, e.g.*, Dkts. 181, 184. The Parties worked together to resolve certain disagreements. Ultimately, the Tribes filed Dkt. 192, which is the operative Motion for Leave to File Second Amended Complaint.

Defendant United States of America has filed a partial objection. Dkt. 194. It does not object to the removal of several claims and the clarification of others; however, it does object to the Tribes' declaratory judgment claim on both procedural and substantive grounds. *See generally id*.

Upon review, and for the reasons set forth below, the Tribes' Motion is GRANTED.

## II. ANALYSIS

This case concerns several parcels of land in Pocatello, Idaho, that were originally part of the Fort Hall Indian Reservation. Pursuant to acts of congress in 1882 and 1888, these lands were ceded to the United States. The United States, in turn, granted rights-of-way to Union Pacific Railroad's predecessor. Act of July 3, 1882, 47 Cong. ch. 268, 22 Stat. 148 ("1882 Act"); Act of Sept. 1, 1888, 50 Cong. ch. 936, 25 Stat. 452 ("1888 Act"). In this suite, the Tribes allege the lands reverted to the United States to hold in trust for the Tribes when the land was no longer put to railroad use.

The history of this case is lengthy and will not be repeated here. In short, the Court has ruled on the viability of the Tribes' claims over the years, dismissing some, allowing some to proceed, and even resurrecting some of the dismissed claims after a Supreme Court decision. At this stage, the Tribes seek to "clean up" the various complaints, amendments, and changes into one unified Second Amended Complaint.

Upon review, the Court holds as follows.

First, the Court appreciates the Parties working diligently together to remedy disagreements to the extent possible and move this case forward.

Second, the Court will allow the dismissed claims to remain in the pleadings for

appellate purposes.

Third, all the Court's prior orders govern the Second Amended Complaint. The United States specifically requested that two of the Court's prior orders govern. Dkt. 194, at 2. But as the Tribes point out, subsequent orders clarified those two primary orders. Additionally, the Tribes themselves were, at least on one occasion, the impetus for certain changes and their voluntary actions remain binding as well. Thus, for consistency and completeness, the Court confirms that all its prior orders related to the claims—Dkts. 73, 102, 112, 126, 144, and 169—govern the Second Amended Complaint.

Fourth, the Court finds the Tribes were diligent in bringing this motion—in general and as applied specifically to the changes in the declaratory judgment claim. While the Court would normally engage in a Rule 16 and Rule 15 analysis, this case has had significant changes over the years warranting a less stringent standard. Moreover, there was no truly live deadline for amendment in light of the Court's prior orders and discovery stay. In any event, the Court finds the Tribes have met the good cause standard.

Fifth and finally, the Court understands and appreciates the United States's arguments addressing the feasibility of the Tribes' declaratory judgment claim. However, the Court has discussed this claim previously, where the parties should focus their attention, and the relationship between the related claims (specifically the Quiet Title Act claim) and sovereign immunity. On the current record and with the current posture of the case, the Court finds no reason to deny the Tribes' Motion based on futility.[2]

---

[2] This holding does not preclude the United States from later filing a formal motion on this theory.

## III. ORDER

**IT IS HEREBY ORDERED THAT**:

1. The Tribes' Motion for Leave to File Second Amended Complaint (Dkt. 192) is GRANTED.
2. The Tribes shall file a clean copy of the Second Amended Complaint within seven days of this order.
3. Defendants shall answer or otherwise respond to the Tribes' Second Amended Complaint within fourteen days of the Tribes' filing.
4. The parties shall file a joint status report within thirty days of this order, setting forth the remaining discovery deadlines in this case. Once those dates are entered, the previously-imposed stay (Dkt. 183) shall be lifted.

DATED: September 22, 2026

David C. Nye
U.S. District Court Judge